**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Raul DURAN–LUQUE, Defendant–Appellant.**

No. 07–50559.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 18, 2008.

Filed Dec. 12, 2008.

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Joseph S. Green, Assistant U.S., Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

John Charles Ellis, Jr., Todd William Burns, Assistant Federal Public Defender, Federal Defenders of San Diego, Inc., San Diego, CA, for Defendant–Appellant.

Before RYMER and M. SMITH, Circuit Judges, and KORMAN,* District Judge.

* The Honorable Edward R. Korman, Senior United States District Judge for the Eastern District of New York, sitting by designation.

## MEMORANDUM **

Raul Duran–Luque (Duran) appeals his conviction and sentence on two counts of possession with intent to distribute a controlled substance, and two counts of importing a controlled substance (cocaine and methamphetamine) in violation of 21 U.S.C. §§ 841(a), 952 and 960. We affirm.

### I

■ The district court's reasons for its choice of sentence were adequately set out, including Duran's willingness to courier the drugs for $4,500, his failure to abandon the role despite his education, his perjury and obstruction of justice at trial, and the need for deterrence. *See* 18 U.S.C. § 3553(c)(1); *Rita v. United States,* 551 U.S. 338, 127 S.Ct. 2456, 2468, 168 L.Ed.2d 203 (2007); *United States v. Carty,* 520 F.3d 984, 992–93 (9th Cir.2008) (en banc). The court did not fail to consider factors favorable to Duran that were called to its attention. Nor does the sentence imposed, compared to the sentence that was available for a fast-track plea, indicate that Duran was being punished for exercising his right to trial. *See United States v. Vasquez–Landaver,* 527 F.3d 798, 805–06 (9th Cir.2008); *United States v. Carter,* 804 F.2d 508, 513–15 (9th Cir.1986). Finally, the record shows that the district court recognized that the Guidelines were advisory, adequately considered the § 3553(a) factors, and imposed a sentence that is not unreasonable. 18 U.S.C. § 3553(a); *Carty,* 520 F.3d at 991–93.

### II

■ Even assuming that the issue is preserved, the government's recommended sentence does not manifest vindictive prosecution. *Cf. United States v. Gamez–Orduno,* 235 F.3d 453, 462–63 (9th Cir.2000); *United States v. VanDoren,* 182 F.3d 1077, 1082 (9th Cir.1999). The government could reasonably oppose Duran's request for safety valve relief and a minor role adjustment based on his perjury and obstruction of justice at trial.

### III

■ The district court did not abuse its discretion by excluding additional evidence of Duran's financial situation. *See United States v. Alvarez,* 358 F.3d 1194, 1205 (9th Cir.2004). Duran testified to his salary and prospects, so testimony by others to the same effect would have been cumulative. Moreover, the government did not contest evidence about how much Duran made and expected to make. Excluding an investigator's proffered opinion about the cost of living in Mexico was also within the court's discretion. There was no error, let alone structural error, in these rulings. *See United States v. Lynch,* 437 F.3d 902, 913–14 (9th Cir.2006) (per curiam) (en banc); *Menendez v. Terhune,* 422 F.3d 1012, 1032–33 (9th Cir.2005) (citations omitted). *Cf. Sullivan v. Louisiana,* 508 U.S. 275, 281–82, 113 S.Ct. 2078, 124 L.Ed.2d 182 (1993) (citing *Arizona v. Fulminante,* 499 U.S. 279, 307–08, 309–10, 111 S.Ct. 1246, 113 L.Ed.2d 302 (1991)).

### IV

■ There is no reasonable possibility that the jury could have construed the instructions as inviting consideration of post-arrest silence. The subject was never mentioned. *Cf. Carter v. Kentucky,* 450 U.S. 288, 293–94, 304, 101 S.Ct. 1112, 67 L.Ed.2d 241 (1981); *Doyle v. Ohio,* 426

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

**464**

U.S. 610, 613–14, 96 S.Ct. 2240, 49 L.Ed.2d 91 (1976); *Griffin v. California,* 380 U.S. 609, 610–11, 85 S.Ct. 1229, 14 L.Ed.2d 106 (1965).

### V

The reasonable doubt instruction was not infirm, either. *See Ramirez v. Hatcher,* 136 F.3d 1209, 1212–13 (9th Cir.1998) (citing *Victor v. Nebraska,* 511 U.S. 1, 17, 114 S.Ct. 1239, 127 L.Ed.2d 583 (1994); *United States v. Artero,* 121 F.3d 1256, 1258 (9th Cir.1997)).

### VI

As Duran concedes, his argument that the drug statutes are unconstitutional under *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), is foreclosed. *See, e.g., United States v. Hernandez,* 322 F.3d 592, 600–02 (9th Cir. 2003).

### VII

Because there was no error, there is no cumulative error. *See Parle v. Runnels,* 505 F.3d 922, 927–28 (9th Cir.2007).

AFFIRMED.

---

* This disposition is not appropriate for publication and is not precedent except as provided

by 9th Cir. R. 36–3.